REQUESTED BY: Dear Senator Johnson:
In Opinion of the Attorney General, No. 142, dated August 29, 1979, we informed you that in our opinion the leading cases from the United States Supreme Court on the question of when the concept of `one man one vote' was mandated were the cases of Hadley v. Junior College District,397 U.S. 50, 25 L.Ed.2d 45, 90 S.Ct. 791 (1970), and SalyerLand Company v. Tulare Water District, 410 U.S. 719,35 L.Ed.2d 659, 93 S.Ct. 1224 (1973).
After reviewing our opinion and noting, as we did, that the controlling case we cited was decided by the United States Supreme Court in 1973, you ask us to again research the point to make certain there has not been a more recent pronouncement by that Court on this issue. With the exception of a case decided the same day as Salyer, supra, AssociatedEnterprises v. Toltec District, 410 U.S. 743,35 L.Ed.2d 675, 93 S.Ct. 1237, stating the same principles, and a 1977 case of Concerned Citizens v. Pine Creek District,429 U.S. 651, 51 L.Ed.2d 116, 97 S.Ct. 828, a case which was remanded back to the Circuit Court for further consideration in which three dissenting judges felt that the matter might be disposed of more properly by simply affirming the lower court based upon the Salyer, supra, principles, we have discovered no other United States Supreme Court decisions which in any manner might qualify the holding pronounced inSalyer.
We have also researched the decisions of the various United States Courts of Appeals. In this respect we have found a number of instances where the particular Court of Appeals has decided the matter based upon the Salyer
principles. We have found no occasion where a Court of Appeals has chosen to disregard this principle. See, for example, the decisions in Baker v. Regional High School District No.5, 520 F.2d 799 (1975); Lytle v. Commissioners of UnionCounty, 509 F.2d 1049 (1974); and Panior v. IbervilleParish School Board, 498 F.2d 1232 (1974).
Therefore, in spite of the fact that the leading case in this area appears to have been decided almost seven years ago, we are still of the opinion that the law stated therein and in our previous opinion to you is the correct and applicable law to any consideration of whether or not a departure can be had from the traditional `one man one vote' concept.
As we stated to you in our previous opinion, once you or the Government, Military, and Veterans Affairs Committee can be more specific as to your proposed revisions to the election procedure for the election of natural resource district directors and other special use areas, we will be in a better position to advise you as to our opinion on such a revision's constitutionality.